IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN SCOTT<br>232 Caravan Ln.<br>Butler, PA 16001<br>  and<br>CHRISTOPHER PISOR<br>144 Armstrong Ave.<br>Butler, PA 16001<br><br>            Plaintiffs,<br>    v.<br><br>AARONS LLC<br>144 Point Plaza<br>Butler, PA 16001<br><br>            Defendant. | CIVIL ACTION<br><br>No.: 21-1542<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs, Shawn Scott and Christopher Pisor, by and through their undersigned counsel, hereby aver as follows:

### I.  INTRODUCTION

1. This action has been initiated by Shawn Scott and Christopher Pisor (hereinafter collectively referred to as "Plaintiffs," unless indicated otherwise) against Defendant, Aarons LLC, for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115), and the Pennsylvania Wage and Collection Law ("PWCL" - 43 P.S. §§ 260.1 *et. seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiffs seek damages as set forth herein.

### II.  JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiffs' claims because this civil action arises under laws of the United States. There lies supplemental

jurisdiction over Plaintiffs' state-law claims because they arise out of the same common nucleus of operative facts as Plaintiffs' federal claims set forth herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Western District of Pennsylvania.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff, Shawn Scott (hereinafter "Plaintiff Scott"), is an adult individual who resides in Butler, PA.

7. Plaintiff, Christopher Pisor (hereinafter "Plaintiff Pisor"), is an adult individual who also resides in Butler, PA.

8. Defendant is a retail store located at the above-captioned address that focuses on leases and retail sales of furniture, electronics, appliances, and computers.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff Scott was hired by Defendant on or about February 23, 2021 as a Delivery Driver and remained in this position until his unlawful termination on or about September 6, 2021.

12. Plaintiff Pisor was hired by Defendant on or about July 29, 2021 as a Delivery Driver and remained in this position until his unlawful termination on or about September 4, 2021.

13. As Delivery Drivers for Defendant, Plaintiffs were charged with delivering furniture from Defendant's sales floor to customers solely within Pennsylvania. Plaintiffs did not deliver outside of the state of Pennsylvania (nor were they expected to).

14. Throughout their respective tenures with Defendant, Plaintiffs were always considered hourly employees.

15. At the time of their illegal terminations from Defendant (discussed further *supra*), Plaintiffs were earning $15.00 per hour.

16. Despite being hourly employees and working approximately 45-50 hours on average per week, Plaintiffs were never paid for any hours that they worked beyond 40 hours in one week.

17. While Defendant had a time keeping system and Plaintiffs would properly punch in and out each day, Defendant's management would always adjust Plaintiffs' hours to reflect that they only worked 40 hours each week.

18. Furthermore, on several occasions while employed with Defendant, Plaintiffs would also work through their lunch breaks but Defendant would again adjust their time to make it appear as though Plaintiffs took a lunch break, which resulted in Defendant illegally deducting time from Plaintiffs' paychecks for lunch breaks that were never taken.

19. While employed with Defendant, Plaintiffs were at all times relevant herein unequivocally non-exempt employees who should have been paid overtime compensation for all hours worked over 40 hours per week at a rate of time and one half.

20. Towards the end of their employment with Defendant, Plaintiffs began to complain to Defendant's management about Defendant's federal and state wage and hour violations, including but not limited to: (1) not properly paying time and one half for all hours worked over 40 in one week; (2) making illegal deductions from their pay; and (3) not properly compensating them for all hours worked.

21. In addition to their aforesaid complaints regarding Defendant's illegal pay practices, Plaintiffs also requested that Defendant's management stop adjusting their time to reflect less hours worked each week.

22. Instead of properly investigating Plaintiffs' aforesaid complaints regarding Defendant's violations of federal and state wage and hour laws, both Plaintiff Scott and Plaintiff Pisor were terminated from their employment with Defendant for completely pretextual reasons within days of each other.

23. Plaintiff Pisor was terminated on or about September 4, 2021 after he called out sick from work because he was experiencing signs of COVID-19.

24. Defendant first informed Plaintiff Pisor that he would need a "clean bill of health" before he could return to work.

4

25. After Plaintiff Pisor obtained a negative COVID test the same day of Defendant's request for him to get a "clean bill of health," Defendant informed Plaintiff Pisor that he was being terminated because he did not have enough sick time to cover his absences.

26. Upon information and belief, there were other employees within Defendant who had taken time off from work for COVID-related symptoms or other illnesses and who did not have the required time to cover their absences but were not terminated for the same.

27. Plaintiff Scott was terminated on or about September 6, 2021 after he developed a fever at work.

28. After developing a fever at work, Plaintiff Scott was sent by Defendant to undergo a COVID test, which came back negative.

29. Despite the negative COVID test, Defendant still terminated Plaintiff Scott's employment, claiming that he allegedly reported to work with COVID-like symptoms.

30. Defendant's reasoning for terminating Plaintiff Scott is completely ridiculous as: (1) Plaintiff Scott did not develop a fever until he was already at work; and (2) there have been other employees who were introduced to COVID (one in particular from a household family member) and still reported to work; however, these individuals were not terminated like Plaintiff Scott.

31. As a result of Defendant's retaliatory actions and willful failure to pay proper overtime, Plaintiffs have and continue to suffer significant damages.

32. Defendant has setup and perpetrated a system whereby it has deceived Plaintiffs and intentionally failed to abide by federal and state wage and hour laws, which is evidenced by:

    a) Plaintiffs having their pay improperly docked at times, particularly for lunch breaks that were never taken and for hours worked over 40 in one week;

5

b) Defendant failing to pay Plaintiffs time and one half for all hours that they worked in excess of 40 hours a week;

c) Defendant manipulating Plaintiffs' time records to falsely give the impression that Plaintiffs did not work in excess of 40 hours per week;

d) Defendant failing to pay Plaintiffs for all hours worked; and

e) Defendant terminating Plaintiffs following their complaints of Defendant's illegal pay practices (including failure to pay proper overtime compensation) in order to conceal its violations of federal and state wage and hour laws.

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Wages and Retaliation)**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

35. At all times relevant herein, Plaintiffs were "employee[s]" within the meaning of the FLSA.

36. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiffs, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

37. At all times during their employment with Defendant, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

38. Defendant knew that Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

6

39. Defendant failed to pay Plaintiffs 1.5 times their regular rate of pay for each hour that they worked over 40 in one workweek.

40. As a result of Defendant's failure to pay Plaintiffs the overtime compensation due them, Defendant violated the FLSA and caused Plaintiffs to suffer damages in the form of unpaid overtime compensation.

41. On several occasions in advance of their respective terminations from Defendant (discussed *supra*), Plaintiffs complained to Defendant's management that they were not being properly paid for hours that they worked in excess of 40 hours per week and that Defendant's management was illegally adjusting their time to reflect that they only worked 40 hours per week (in order to avoid having to pay overtime compensation).

42. Instead of investigating or remedying Plaintiffs' concerns regarding Defendant's illegal pay practices, Defendant terminated both Plaintiffs form their employment for completely pretextual reasons within days of each other.

43. These actions as aforesaid constitute violations of the FLSA.

## Count II
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Wages)

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the PMWA.

46. At all times relevant herein, Plaintiffs were employed by Defendant as "employee[s]" within the meaning of the PMWA.

7

47. The PMWA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

48. At all times during their employment with Defendant, Plaintiffs were "non-exempt" employees within the meaning of the PMWA.

49. Defendant knew that Plaintiffs were "non-exempt" employees within the meaning of the PMWA.

50. Defendant failed to pay Plaintiffs 1.5 times their regular rate of pay for each hour that they worked over 40 each workweek.

51. As a result of Defendant's failure to pay Plaintiffs the overtime compensation due to them, Defendant violated the PMWA and caused Plaintiffs to suffer damages in the form of unpaid overtime compensation.

52. These actions as aforesaid constitute violations of the PMWA.

### Count III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
### (43 P.S. 260.3(a)-(b))

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiffs both had an agreement with Defendant whereby Defendant agreed to compensate Plaintiffs for all services they performed during their employment.

54. Defendant failed to compensate Plaintiffs for all wages owed during their employment.

55. Plaintiffs performed the agreed-upon services for Defendant, and Defendant failed to properly compensate Plaintiffs for the services rendered as specified by the Parties'

8

employment agreement (included but not limited to paying Plaintiffs for all hours worked through lunch breaks and beyond 40 hours in one week).

56. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiffs, reimburse Plaintiffs and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and overtime. Plaintiffs should be accorded those benefits illegally withheld from the date they first suffered unlawful payment practices and retaliation at the hands of Defendant until the date of verdict;

B. Plaintiffs are to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                Respectfully submitted,

                                                **KARPF, KARPF, & CERUTTI, P.C.**

By: _____
                                               Ari R. Karpf, Esq.
                                               3331 Street Road
                                               Two Greenwood Square, Suite 128
                                               Bensalem, PA 19020
                                               (215) 639-0801

Date: October 27, 2021